MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   cynthia.frey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0865 JSW |
|    Plaintiff, | |
|    v. | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT ISAAC GRAY |
| ISAAC GRAY, | |
|    Defendant. | |

      The defendant, Isaac Gray, came before this Court on November 4, 2011 and December 2, 2011for a detention hearing.  The defendant was present and represented by Mark Goldrosen, Esq.  Assistant United States Attorney Cynthia M. Frey represented the United States.

      The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

      Upon consideration of the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions will

No. CR 11-0865 JSW
[~~Proposed~~] Detention Order

reasonably assure the safety of any other person and the community.  The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant is charged with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), distribution of and possession with intent to distribute cocaine base in the form of "crack" cocaine, as well as a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Pursuant to 18 U.S.C. § 3142(e)(3), given the above charges, subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.  The defendant has not rebutted that presumption.

Between September 2001 and July 2011, the defendant accumulated three criminal convictions, including a felony conviction for possession for sale of a controlled substance (marijuana), a misdemeanor conviction for obstruction of a police officer, and a misdemeanor conviction for possession of ammunition by a prohibited person.  The defendant has also been arrested on numerous occasions for narcotics related offenses, threats with intent to terrorize, battery, and vandalism.  Additionally, the defendant violated the terms of his probation and

No. CR 11-0865 JSW
[~~Proposed~~] Detention Order                       2

parole on numerous occasions and several bench warrants have issued for his failure to appear.

The Court finds by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community.  In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the community's safety:

1. The defendant has three prior convictions, including a felony conviction for possession for sale of a controlled substance, a misdemeanor conviction for obstruction of a police officer, and a misdemeanor conviction for possession of ammunition by a prohibited person;

2. Additionally, the defendant violated the terms of his probation and parole on numerous occasions and several bench warrants have issued for his failure to appear;

3. The instant charges reflect a presumption that no condition or combination of conditions will reasonably assure the safety of the community.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated:   12/5/11

JOSEPH
United

*Judge Joseph C. Spero*

No. CR 11-0865 JSW
[Proposed] Detention Order